# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JIMMY RAMIREZ,**

        **Plaintiff,**

        **v.**                                    **Case No. 14-CV-865**

**BRIAN FOSTER, et al.,**

        **Defendants.**

## SCREENING ORDER

Plaintiff Jimmy Ramirez, who is incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. When this matter was initially filed in the Western District of Wisconsin, Ramirez filed with the court a copy of his institutional trust account statement but did not file a motion seeking leave to proceed in forma pauperis. The court nonetheless construed his filings as requesting to proceed in forma pauperis and assessed an initial partial filing fee of $178.50 under 28 U.S.C. § 1915(b). Instead of paying that sum, Ramirez mailed a $400.00 check to the court, which would have been the total cost of filing this action (a $350.00 filing fee and a $50.00 administrative fee) if he was not proceeding in forma pauperis. Because the court on its own had already permitted

Ramirez to proceed in forma pauperis, the court returned the $400.00 check to Ramirez and instructed him to pay the $178.50 filing fee. Ramirez did so and soon thereafter the matter was transferred to the Eastern District of Wisconsin where it was assigned to this court. Ramirez subsequently paid the remainder of the filing fee. As a consequence of the Western District of Wisconsin construing his initial filings as a request to proceed in forma pauperis and the court granting that request, Ramirez saved the $50.00 administrative fee that does not apply to persons granted leave to proceed in forma pauperis.

However, Ramirez's full payment of the filing fee does not relieve him of the strictures of the Prison Litigation Reform Act. Regardless of whether Ramirez paid at the outset the full cost of this action or if he was granted leave to proceed in forma pauperis, the court is nonetheless obligated to screen his complaint pursuant to 28 U.S.C. § 1915A and determine whether it is sufficient to proceed. The court must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Ramirez alleges that on August 1, 2012, he slipped and fell while working at his job in the Food Service Department at Green Bay Correctional Institution. He alleges that he slipped on water that was haphazardly left on the floor and that there were no safety mats or wet floor signs to warn inmates that the water was there. According to Ramirez, defendant Officer Stone witnessed the fall and snickered as if it were funny. He alleges that defendant Nurse Alsteen evaluated Ramirez for his right hip and head

4

pain and issued him Ibuprofen and Tylenol. His complaint states that Ramirez was sent to the Hospital Emergency Room for evaluation and was diagnosed with a contusion of the right hip and buttocks. Defendant Nurse LaClaire saw Ramirez for follow-up on August 2, 2012, and released him to the general population.

Ramirez claims that defendants Amy Basten and Doug Reimer, who are supervisors in charge of training staff as to the proper procedure when spillage occurs, failed to train their employees, which resulted in the fall. He states in his complaint that he "believes he can show that the failure to train [kitchen employees] reflects conscious choice among alternatives that envinces [sic] a deliberate indifference to the rights of the individuals with whom those employees will interact." (ECF No. 1 at 5.) According to Ramirez, the defendants were aware of the substantial risk of injury when the water spillage was haphazardly left on the floor with no wet signs or slip mats down.

To succeed on a deliberate indifference claim about the water on the floor, Ramirez would need to show that the defendants knew that his working conditions presented a substantial risk of serious physical injury but did nothing to protect him. *See Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011); *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). Ordinarily, a wet floor poses little risk of serious harm to inmates, and thus exposing inmates to a wet floor would not violate the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (concluding that "inch or two of standing water in the shower" does not pose excessive risk to safety); *Reynolds v. Powell*, 370 F.3d 1028,

5

1031 (10th Cir. 2004); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that subjecting inmates to slippery floors does not state an arguable Eighth Amendment claim). If exposing an inmate to a wet floor does not state an arguable Eighth Amendment claim, then the failure to place a wet floor sign or floor mat on the wet floor could not support a claim of deliberate indifference. Although he states his belief that he could show that the failure to train amounted to deliberate indifference, Ramirez offers nothing that could plausibly support this bald assertion. Rather, the substance of the complaint supports, at most, an allegation that the defendants were negligent in not placing a wet floor sign or floor mat near the water spill. But negligence, even gross negligence, will not support a claim of deliberate indifference. *See Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding that slip-and-fall resulting from leaking air conditioner was not actionable under § 1983 because defendant's conduct amounted only to negligence).

Ramirez has provided no arguable basis for relief. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of October, 2014.

WILLIAM E. DUFFIN
U.S. Magistrate Judge